UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STANLEY LEBLANC                                          CIVIL ACTION

VERSUS                                                   NO. 09-2786

ORLEANS PARISH CRIMINAL                                  SECTION "C" (1)
SHERIFF MARLIN N. GUSMAN

### ORDER AND REASONS

Plaintiff, Stanley LeBlanc, filed this complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin N. Gusman. In this lawsuit, plaintiff claims that, while confined within the Orleans Parish Prison system, he was denied adequate medical care, the conditions of his confinement were unconstitutional, and his legal mail was opened by jail officials. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Sheriff Gusman has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[2] Plaintiff has opposed that motion.[3]

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 25.

[3] Rec. Docs. 31, 34, and 48.

Standards of Review

The Court may grant summary judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion

for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

## Inadequate Medical Care

In the complaint, plaintiff states his first claim as follows:

I have a knot in my mid area growing in size now advancing to my stomach I'm in severe pain, medication I'm receiving is not working I've been scheduled to be operated on for months. Feels like the knot in my mid are[a] is going to burst.[4]

In his motion for summary judgment, Sheriff Gusman argues that he is not a proper defendant with respect to this claim. For the following reasons, this Court agrees.

It is clear that plaintiff has not stated an individual-capacity claim against Sheriff Gusman. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.

---

[4] Rec. Doc. 1, p. 4.

1983). Courts have repeatedly held that individual-capacity claims against Sheriff Gusman for inadequate medical care fail absent allegations of his personal involvement. See, e.g., Williams v. Gusman, Civ. Action No. 08-4446, 2009 WL 1116599, at *6 (E.D. La. Apr. 24, 2009); Melancon v. New Orleans Police Dep't, Civ. Action No. 08-5005, 2009 WL 249741, at *3 (E.D. La. Jan. 30, 2009); Doris v. Gusman, Civ. Action No. 08-4176, 2008 WL 4810547, at *2 (E.D. La. Oct. 27, 2008); Foster v. State of Louisiana, Civ. Action No. 06-9876, 2008 WL 3477016, at *5-6 (E.D. La. Aug. 11, 2008); Charles v. Gusman, Civ. Action No. 07-1933, 2008 WL 45375, at *1 (E.D. La. Jan. 2, 2008). Here, plaintiff makes no allegations whatsoever against Sheriff Gusman or any involvement by him in plaintiff's medical care.[5]

It is likewise clear that plaintiff has not stated an official-capacity claim against Sheriff Gusman. "In a suit brought against a municipal official in his official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury." Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007), cert. denied, 129 S.Ct. 42 (2008). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). Again, it has been repeatedly held that official-capacity claims against Sheriff Gusman

---

[5] Additionally, as Sheriff Gusman notes in his motion, he cannot be held liable pursuant to 42 U.S.C. § 1983 based merely on a theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

4

for allegedly inadequate medical care must be dismissed absent an allegation that the violation resulted from an unconstitutional policy or custom. See, e.g., Doris, 2008 WL 4810547, at *2; Charles, 2008 WL 45375, at *1 n.6. In the instant case, plaintiff does not allege that his purportedly inadequate medical care resulted from such a policy or custom, much less identify a policy or custom.

Although plaintiff does not indicate whether he is suing Sheriff Gusman in his individial capacity, his official capacity, or both, it is evident for the foregoing reasons that no medical claim has properly been stated against Gusman in any capacity.

## Conditions of Confinement

In the complaint, plaintiff states his second claim as follows:

> Dust all over the fence, walls, light fixtures, ducks vents venterlation system centrial air unit some deputy's have it hot, some have it cold, causes sneezing, coughing, eye's burning, and may cause other allergic reactions. Dust in the air my sinus acks up taste dust in my throat and causes head ache's. Also makes it hard for me to breathe.[6]

As Sheriff Gusman notes in his motion, plaintiff's claim concerning the dusty conditions is frivolous. Clearly, there is a point beyond which a prison cell's conditions are so filthy and unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). The presence of dust, however, simply does not rise to that level. Cummings v. Gusman, Civil Action No. 09-144, 2009 WL 1649737, at *3 n. 11 (E.D. La. June 9, 2009); see also McAllister v. Strain, No. 09-2823,

---

[6] Rec. Doc. 1, p. 4.

2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009). The fact that a prisoner's cell is unpleasant or less sanitary than he would wish for his home does not make his claim actionable. Cummings, 2009 WL 1649737, at *3 n. 11; see also Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").[7]

It appears that plaintiff may also be claiming that the temperature at the prison is often uncomfortable, at times being either too cold or too hot, with the guards setting the air conditioning system based on their particular preferences.[8] If plaintiff is indeed asserting such a claim, that claim has no merit. Although exposure to *extreme* cold or heat is actionable in some circumstances, plaintiff's allegations fall far short of what is required to establish a constitutional violation. See, e,.g., Johnson v. Texas Board of Criminal Justice, 281 Fed. App'x 319, 320 (5th Cir. 2008);[9] Woods

---

[7] This Court further notes that United States District Judge Helen G. Berrigan dismissed a similar claim against Sheriff Gusman on the ground that no individual-capacity or official-capacity claim had been properly stated against him. In that case, the Court noted:

> *Respondeat superior* is not a legal theory under which liability can be visited on Orleans Parish Criminal Sheriff Marlin Gusman. Plaintiff does not contend and there is no evidence to suggest that Criminal Sheriff Gusman was personally involved or played a role in not properly cleaning the air conditioning vents [and] not maintaining a "dust free" environment. Nor does plaintiff contend that ... the intolerable living conditions were in accordance with an unconstitutional policy promulgated by Sheriff Gusman or was the result of Gusman's gross negligence in failing to properly supervise employees working in Orleans Parish Prison.

Doris v. Gusman, Civ. Action No. 08-4176, 2008 WL 4810547, at *2 (E.D. La. Oct. 27, 2008) (citation omitted). The same is also true in the instant case.

[8] Rec. Doc. 1, p. 7.

[9] In Johnson, the Fifth Circuit held:

> Exposure to cold temperatures without adequate protection can constitute an Eighth Amendment violation, but Johnson's allegations regarding cold were too

6

v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995).[10] Additionally, as previously noted, Sheriff Gusman cannot be held vicariously liable for such actions of the guards in his employ. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Unless Sheriff Gusman was personally involved in setting the temperatures or the temperatures resulted from the implementation of an identified policy or custom, allegations not made in this lawsuit, he cannot be held liable on such a claim in either his individual or official capacity.

---

> vague and conclusory to state a claim of a sufficiently serious deprivation that denied the minimal civilized measure of life's necessities. Johnson's allegations regarding extreme heat also failed to state a viable claim. While Johnson alleged that the temperatures were sometimes uncomfortably hot, he did not allege that he suffered from any heat-related injuries despite being subjected to these conditions numerous times; this is not sufficient to state a constitutional claim.

Johnson, 281 Fed. App'x at 320 (citations and quotation marks omitted).

[10] In Woods, the Fifth Circuit held:

> In this case, the plaintiff contends that the conditions of his confinement in extended lockdown at Angola violate the Eighth Amendment. Wood alleges that his cell was inadequately cooled and that the high temperature, while uncomfortable in itself, also contributed to the plaintiff's health problems. Specifically, the plaintiff contends that his sinus condition was aggravated by the cell's high temperature. The defendants, in response, presented evidence that the portion of the jail housing prisoners in extended lockdown is equipped with fans used to circulate the air.
> The plaintiff argues that the district court erroneously granted the defendants' motion for summary judgment on this claim. Woods, however, has failed to present medical evidence of any significance nor has he identified a basic human need that the prison has failed to meet. While the temperature in extended lockdown may be uncomfortable, that alone cannot support a finding that the plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment. Therefore, we affirm the district court's grant of the defendants' motion for summary judgment.

Woods, 51 F.3d at 581.

Legal Mail

Lastly, plaintiff complains that his legal mail is opened before it is given to him. Sheriff Gusman correctly notes that this claim simply is not actionable. The United States Fifth Circuit Court of Appeals has clearly held that an inmate's constitutional rights are not violated by the mere fact that his legal mail is opened outside of his presence and without his consent. Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1999); see also Davis v. Baker, 251 Fed. App'x 899 (5th Cir. 2007); Jones v. Mail Room Staff, 74 Fed. App'x 418, 419 (5th Cir. 2003); Cummings v. Gusman, Civil Action No. 09-144, 2009 WL 1649737, at *3 n. 11 (E.D. La. June 9, 2009).[11]

Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that Sheriff Gusman's motion for summary judgment, Rec. Doc. 25, is **GRANTED** and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twelfth day of January, 2010.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] The Court also notes that plaintiff has not alleged that Sheriff Gusman was personally involved in the opening of the mail, as would be required for a colorable individual-capacity claim, or that the mail was opened pursuant to an identified policy or custom, as would be required for a colorable official-capacity claim.